******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TURI ROSTAD *v.* LEON HIRSCH
(SC 19315)

Rogers, C. J., and Zarella, Eveleigh, McDonald and Espinosa, Js.

Argued May 21—officially released June 23, 2015

*Daniel P. Scholfield*, with whom, on the brief, were *Hugh F. Keefe, Benjamin D. Gettinger* and *Rosalie D. Morgan*, for the appellant-appellee (defendant).

*Debra C. Ruel*, with whom was *James M. Ruel*, for the appellee-appellant (plaintiff).

*Opinion*

PER CURIAM. The plaintiff, Turi Rostad, and the defendant, Leon Hirsch, both appealed to the Appellate Court from the judgment of the trial court in the plaintiff's paternity action against the defendant seeking an order of support and maintenance for her minor son, attorney's fees, statutory interest, past due child support and past due "special child support." In his appeal, the defendant claimed that the trial court improperly had awarded: (1) past due child support to the plaintiff for the period from May 1, 2008 to June 1, 2009; (2) interest pursuant to General Statutes § 37-3a on the trial court's January 29, 2010 pendente lite award of attorney's fees to the plaintiff; and (3) additional attorney's fees to the plaintiff's counsel. In her cross appeal, the plaintiff claimed that the trial court improperly had: (1) failed to award past due child support for the period from May 15, 2005 to April 30, 2008; (2) failed to award past due "special child support" under the child support and arrearage guidelines set forth in § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies; and (3) awarded only $200 in attorney's fees to two of her attorneys. The Appellate Court affirmed the judgment of the trial court. *Rostad* v. *Hirsch*, 148 Conn. App. 441, 470, 85 A.3d 1212 (2014). We then granted the defendant's petition for certification to appeal on the following issues: (1) "Did the Appellate Court properly affirm the trial court's award of 'past due' child support for the period of May 1, 2008 to June 1, 2009?"; (2) "Did the Appellate Court properly affirm the trial court's award of interest under . . . § 37-3a for the period of time that the trial court's order of attorney's fees was on appeal?"; and (3) "Did the Appellate Court properly affirm the trial court's award of $127,552.58 in additional attorney's fees?" *Rostad* v. *Hirsch*, 311 Conn. 948, 91 A.3d 463 (2014). We also granted the plaintiff's cross petition to appeal on the following issue: "Did the Appellate Court properly affirm the trial court's decision denying the plaintiff's claim for 'back child support' in this paternity action, for the period from May 15, 2005 to April 30, 2008, pursuant to the child support guidelines and *Maturo* v. *Maturo*, 296 Conn. 80, 995 A.2d 1 (2010)?" *Rostad* v. *Hirsch*, 311 Conn. 949, 91 A.3d 463 (2014). After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal and cross appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal and the cross appeal are dismissed.